**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOSEPH F. MARTELLI, III                              Civil Action 06-00697

                                                                    Judge Donetta W. Ambrose

       Plaintiff,

       vs.

TOWNSHIP OF STOWE
and DALE YOUNG,

       Defendants.


**Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES**

1. Identification of counsel and unrepresented parties. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

   | | |
   |---|---|
   | John E. Quinn, Esquire | George M. Evan, Esquire |
   | Portnoy & Quinn, LLC | Tighe, Evan, Schenck & Paras |
   | One Oxford Centre 36th Floor | 444 Liberty Avenue |
   | Pittsburgh, PA  15219 | Suite 1300, Four Gateway Center |
   | (412) 765-3800 | Pittsburgh, PA 15222-1223 |
   | (412) 765-3747 facsimile | (412) 391-8100 |
   | Email: jquinn@epqlawyers.com | (412)391-9972  facsimile |
   | | Email: gmevan@teesp.com |

2. Set forth the general nature of the case (patent, civil rights, anti-trust, class action, etc):

   Civil rights

3. Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:

   August 16, 2006

4. Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:

   August 30, 2006

5. Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:

    No dispositive motion planned

6. Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation. For those cases assigned to Judges Ambrose, Cercone, Hardiman and Schwab, you MUST complete the attached Stipulation Selecting ADR Process, marked as Exhibit A:

    Parties have agreed to mediation and have agreed upon Attorney David White of Burns, White & Hickton, Pittsburgh, Pennsylvania as the Mediator. Appropriate stipulation has been completed and executed by counsel.

7. Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:

    None

8. Subjects on which fact discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

    Fact discovery on circumstances surrounding stop and arrest of Plaintiff by Defendant Officer Young and other members of the Stowe Township Police Department plus Plaintiff's injuries and medical treatment.

9. Set forth suggested dates for the following

    1. Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:

        September 15, 2006

    2. Date by which any additional parties shall be joined:

        No joinders planned

    3. Date by which the pleadings shall be amended:

>      No amendments planned

4. Date by which fact discovery should be completed:

>      December 29, 2006

5. If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:

>      No phase discovery.

6. Date by which plaintiff's expert reports should be filed:

>      January 5, 2007

7. Date by which depositions of plaintiff's expert(s) should be completed:

>      No expert depositions planned.

8. Date by which defendant's expert reports should be filed:

>      January 31, 2007

9. Date by which depositions of defendant's expert(s) should be completed:

>      No expert depositions planned.

10. Date by which third party expert's reports should be filed:

>      Not applicable

11. Date by which depositions of third party's expert(s) should be completed:

>      Not applicable

10. If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

>      None

11. Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the

protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:

>   No

12. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are not required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

    >   No

    1. Settlement and/or transfer to an ADR procedure;
    2. Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragaphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference
    3. Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;
    4. Dates by which parties' pre-trial statements should be filed;
    5. Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;
    6. Dates on which motions *in limine* and *Daubert* motions shall be heard;
    7. Dates proposed for final pre-trial conference;
    8. Presumptive and final trial dates.

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

    >   None

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

    >   No

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

    No disagreements between counsel

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

    No settlement discussions to date.

    Respectfully submitted,

    S/John E. Quinn
    John E. Quinn

    Pa. I.D. #23268
    One Oxford Centre
    36th Floor
    Pittsburgh, PA  15219
    412-765-3800
    Attorneys for Plaintiff

    S/George M. Evan
    George M. Evan

    Pa. I.D. #25545
    Tighe, Evan, Schenck & Paras
    444 Liberty Avenue
    Suite 1300, Four Gateway Center
    Pittsburgh, PA  15222
    412/391-8100
    Attorneys for Defendants

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the within Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES was forwarded to the following individual this 23rd day of August, 2006 via first-class U. S. Mail, postage prepaid:

George M. Evan, Esquire
Tighe, Evan, Schenck & Paras
Four Gateway Center, Suite 1300
Pittsburgh, PA  15222-1223

PORTNOY & QUINN, LLC.

BY s/John E. Quinn
Attorneys for Plaintiff

Pa. I.D. #23268
One Oxford Centre
36th Floor
Pittsburgh, PA  15219

412-765-3800